UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:04-CR-171-TAV-CHS-1 |
| | ) |
| BILLY COLLINS WEST, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's motion to modify this Court's restitution order [Doc. 212]. The government requested additional time to respond in order to consult with defendant's counsel in an effort to come to an agreement regarding defendant's payment schedule [Doc. 213]. However, the parties evidently could not come to an agreement, and the government responded in opposition to defendant's motion [Doc. 217]. Defendant then replied [218]. For the reasons discussed below, the Court will deny defendant's motion.

This Court may modify a restitution order only when authorized by statute. *See United States v. May*, 500 F. App'x 458, 460 (6th Cir. 2012) ("Once a court sentences a criminal defendant, it generally has jurisdiction to continue hearing related issues only when authorized by statute or rule."); *see also Carlisle v. United States*, 517 U.S. 416, 428 (1996) (rejecting the invocation of a court's "inherent supervisory authority" to modify a verdict of conviction absent any statutory or rule authority). One avenue by which the Court may modify a restitution order after sentencing—and the one upon which defendant

relies—is outlined in 18 U.S.C. § 3664(k). That section authorizes courts to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require" in the event of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." § 366(k). Notably, this section authorizes the court only to modify the defendant's payment schedule, not to alter the defendant's total restitution obligation. *United States v. Mandel*, 179 F. App'x 965, 966–67 (7th Cir. 2006) (noting that § 3664(k) "permits a defendant to seek a revised payment schedule, but not a reduced obligation"); *United States v. Farris*, No. 1:02-cr-173-2, 2006 WL 2022526, at *1 (W.D. Mich. July 17, 2006). The defendant bears the burden of proving, "by a preponderance of the evidence, that . . . [his] current economic condition warrants such an adjustment." *United States v. Baird*, No. 3:03-cr-91, 2009 WL 5170198, at *3 (E.D. Tenn. Dec. 17, 2009) (citing § 3664(e), (k)).

In support of his motion, defendant first submits that "the victim no longer wishes to be compensated" despite acknowledging that "[t]he case law is clear that a victim cannot waive restitution," that restitution "is penal rather than compensatory in nature," and that a victim's wishes are not "ground[s] for disposing of the obligation to pay restitution" [Doc. 212 pp. 4–5]. Defendant's assessment of the case law is correct. *See United States v. Bearden*, 274 F.3d 1031, 1040–41 (6th Cir. 2001) ("[A] private settlement between a criminal wrongdoer and his victim releasing the wrongdoer from further liability does not preclude a district court from imposing a restitution order for the same underlying wrong."); *see also Kelly v. Robinson*, 479 U.S. 36, 52 (1986) (indicating that restitution

ordered as part of a criminal sentence "is concerned . . . with punishing the offender" rather than with compensating the victim). Accordingly, even if the victim in this case did disclaim restitution—a fact disputed by the government—it would not justify or permit the Court to modify its restitution order.

Defendant also claims that there has been a material change in his ability to pay restitution because his income is based on a percentage of his employer's sales, causing his income to fluctuate from month to month. In light of this, defendant requests that this Court modify its restitution order requiring him to pay the restitution amount in a lump sum, to require him instead to make monthly payments of $1,000 in order "to better plan for his monthly expenses" [Doc. 212 p. 6]. The government opposes this payment plan, submitting that defendant cannot be relied upon to make monthly payments based on his years of nonpayment, despite the substantial income he draws from his employment [Doc. 217 pp. 5–6].

The record confirms the government's assertion that defendant has not made any voluntary restitution payments since April, 2014, when his term of supervised release expired [*see* Doc. 212–1 p. 3]. This led the government to seek two Writs of Continuing Garnishment to obtain a percentage of defendant's salary from Gray Epperson Automotive, LLC and Cantrell & Associates, Inc. [Docs. 199, 209]. Defendant's income from these entities totaled over $350,000 last year [Docs. 217–2]. Defendant counters this fact by asserting that he has a "substantial amount of debt" [Doc. 218 p. 2], but provides no documentation to support that assertion.

The Court finds that defendant has not shown, by a preponderance of the evidence, such a dramatic change in his economic circumstances as to justify the modification he seeks. Although defendant's income may vary from one month to another, the record establishes that defendant nonetheless draws substantial income from his employer each month [*see* Doc. 217–3]. Defendant's years of nonpayment despite this income do not reflect well on his acceptance of responsibility or remorse for his actions. Modification of defendant's restitution obligation under such circumstances would be improper at this time, in light of the purposes of sentencing and of restitution in particular. *See Bearden*, 274 F.3d at 1041.

For the reasons stated, defendant's motion to modify the restitution order [Doc. 212] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE